802 F.2d 324
 Bankr. L. Rep. P 71,485
In re Herman J. FRANKLIN and Mary L. Franklin, Debtors.
BENEFICIAL TRUST DEEDS, Herbert L. Baron, Milton Golden,
Irene Golden, and Silvia Falk, Plaintiffs-Appellees,
v.
Herman J. FRANKLIN and Mary L. Franklin, Defendants-Appellants.
 No. 84-6237.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 6, 1986.
Decided Oct. 10, 1986.
 
 Andrew E. Smyth, Los Angeles, Cal., for defendants-appellants.
 Caprice L. Collins, Kathy Kane, Los Angeles, Cal., for plaintiffs-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before SCHROEDER and HALL, Circuit Judges, and BROWNING,* District Judge.
 CYNTHIA HOLCOMB HALL, Circuit Judge:
 
 
 1
 This case presents the question of whether a bankruptcy court retains jurisdiction to construe its own orders when a declaratory judgment action is filed in the district court after the dismissal of the underlying bankruptcy proceeding.
 
 
 2
 * The facts of this case provide a striking example of how, on occasion, debtors attempt to misuse the bankruptcy mechanism and to delay and stall creditors from exercising their state law rights. Appellants Herman J. Franklin and Mary L. Franklin (the Franklins) filed no less than five bankruptcy petitions in a period of seventeen months in an effort to prevent Beneficial Trust Deeds and other appellees (Beneficial Trust), holders of a $35,000 promisory note secured by a second deed of trust on certain California real property, from foreclosing on their security.[1]
 
 
 3
 On March 3, 1982, after the filing of the Franklins' second bankruptcy petition involving the subject property but before the petition's dismissal, Beneficial Trust filed a complaint seeking relief from the automatic stay, 11 U.S.C. Sec. 362, so that it might foreclose on the property. The Franklins entered into an agreement with Beneficial Trust stipulating that the stay would be lifted on June 14, 1982 at 9:00 a.m., and that this relief from the automatic stay would be "effective as against any subsequent filings on the part of these Debtors as to the above described properties under the Bankruptcy Code to which these Debtors may have recourse in the future...." The agreement was signed by Judge Dooley and filed on June 10, 1982, after the second bankruptcy petition had been dismissed, and the stipulation was later entered on June 16, 1982, two days after Beneficial foreclosed on the real property and five days after the Franklins filed their third bankruptcy petition. That third petition was dismissed as well on August 10, 1982.
 
 
 4
 On December 21, 1982, the Franklins filed a complaint in the Los Angeles Superior Court to set aside the trustee's foreclosure sale, to cancel recorded deeds resulting from the sale, to quiet title, for damages, and for declaratory and injunctive relief relating to the imminent eviction of the Franklin's tenants still residing on the property. The gravamen of the Debtors' complaint was that the filing of the third bankruptcy petition invoked the automatic stay and prevented a valid foreclosure sale on June 14. The Superior Court issued a preliminary injunction against Beneficial Trust restraining the eviction of tenants so long as the Franklins made regular payments to it and posted bond. When the Franklins failed to make the payments, the Superior Court dissolved the injunction and stated that it was without jurisdiction to determine the validity of the June 14 foreclosure sale.
 
 
 5
 Beneficial Trust then filed an ex parte application in the bankruptcy court to determine the validity of the June 14 sale in light of the filing of the third bankruptcy petition on June 11 and to quiet title. Judge Lasarow concluded that the third bankruptcy petition did not impose the automatic stay on Beneficial Trust and that the June 14 foreclosure sale was valid as provided in the stipulated agreement. The Franklins appealed on the grounds that Judge Dooley did not have jurisdiction to lift the automatic stay in future filings by means of the stipulated agreement. The district court affirmed the bankruptcy court stating that Judge Dooley did have jurisdiction to enter the stipulation and that the stipulation removed the property from any automatic stay imposed through future filings.
 
 
 6
 On appeal to this court, the Debtors contend that Judge Lasarow did not have jurisdiction to decide that the foreclosure sale was valid and that the automatic stay arising from the third filing did not prevent the sale. We have jurisdiction over the Franklins' timely appeal, 28 U.S.C. Sec. 1291. We affirm.
 
 II
 
 7
 Beneficial Trust's ex parte application to determine the validity of the June 14 foreclosure sale was basically in the nature of a declaratory judgment action requiring the bankruptcy court to construe the validity and effect of its prior order. The application required Judge Lasarow to decide whether Judge Dooley's order of the court entering the stipulation of the parties had the effect of preventing the automatic stay imposed by the filing of the Debtors third bankruptcy petition from interfering with the June 14 sale. In this appeal, the Franklins contend in essence that the bankruptcy court did not have jurisdiction to determine whether its prior entry of the stipulated agreement validated the foreclosure sale.
 
 
 8
 Title 28 U.S.C. Sec. 1334(b) vests jurisdiction over bankruptcy matters in the district court by conferring jurisdiction over "all civil proceedings arising under title 11...."[2] Cases arising under section 1334(b) are in turn delegated to the bankruptcy courts through 28 U.S.C. Sec. 157. Thus, Judge Lasarow had jurisdiction over the declaratory judgment action if such an action requiring a bankruptcy judge to determine the effect of a prior order of the bankruptcy court arises under title 11.
 
 
 9
 We believe that Beneficial Trust's action before Judge Lasarow was one "arising under" title 11. Congress' grants of jurisdiction under sections 1334 and 157 conferred upon bankruptcy courts that jurisdiction needed to implement effectively its function of administering the Bankruptcy Code. See First State Bank & Trust Co. v. Sand Springs State Bank, 528 F.2d 350, 353 (10th Cir.1976). Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner. Requests for bankruptcy courts to construe their own orders must be considered to arise under title 11 if the policies underlying the Code are to be effectively implemented.
 
 
 10
 The action before Judge Lasarow required him to determine first whether the bankruptcy court had jurisdiction to enter the stipulation and second whether the stipulation, if valid, gave Beneficial Trust relief from the third proceeding's automatic stay. Both of these issues fundamentally implicate the bankruptcy court's ability to administer the estate created by the Franklin's second bankruptcy filing.
 
 
 11
 The Franklins contend that our decision in Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.), 699 F.2d 963 (9th Cir.1982) requires a different result. In Income Properties we dismissed an appeal as moot where the debtor sought to reimpose the automatic stay after the dismissal of the underlying bankruptcy case. We held that the stay arises by operation of bankruptcy law and that after the dismissal of the underlying case we no longer had the power to restore the proceeding or to reimpose the stay. Id. at 964.
 
 
 12
 The Franklins argue that because Judge Lasarow did not reopen the second bankruptcy proceeding, he did not have jurisdiction to enter rulings arising from it. This argument misunderstands our decision in Income Properties. In Income Properties, the debtors did not seek an interpretation of a prior order of the bankruptcy court but instead sought new relief from the bankruptcy court independent of its prior rulings, relief in the nature of a new stay that could only be granted while a bankruptcy case was pending. There was no underlying bankruptcy case in Income Properties so there could be no new relief. In this case, Beneficial Trust seeks no new relief that requires the reopening of the underlying bankruptcy proceeding. It seeks only an interpretation of the bankruptcy court's prior order. The second bankruptcy proceeding need not be reopened for the bankruptcy court to declare Beneficial Trust's rights after the second bankruptcy petition's dismissal.
 
 
 13
 Because we find that Beneficial Trust's application to determine the validity of the June 14 foreclosure arises under title 11, we hold that Judge Lasarow had subject matter jurisdiction to construe the effect of the stipulation. Consequently, the judgment of the district court is
 
 
 14
 AFFIRMED.
 
 
 
 *
 Hon. William D. Browning, United States District Judge for the District of Arizona, sitting by designation
 
 
 [1]
 The Franklins filed the following bankruptcy petitions:
 Date Filed Date Dismissed
---------- --------------
December 30, 1981 February 10, 1982
February 22, 1982 April 28, 1982
June 11, 1982 August 10, 1982
October 15, 1982 January 11, 1983
May 27, 1983 June 13, 1983
 Debtors may no longer file a bankruptcy petition within 180 days after seeking and obtaining a voluntary dismissal of another case after the filing of a request for relief from the automatic stay. See 11 U.S.C. Sec. 109(f)(2).
 
 
 [2]
 The Congressional grant of jurisdiction over matters arising under title 11 to the district court was not invalidated by the Supreme Court's decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). See In re Thomas, 765 F.2d 926, 929 (9th Cir.1985)