87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re DIAMOND BAR ESTATES NO. 10, Debtor.
Robert ERILANE, Appellant,
v.
Victor F. THOMPSON; Teresa Thompson; Alex Labrie; Richard
Noke, Appellees.
 No. 95-55517.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Erilane, the general partner of former Chapter 11 debtor Diamond Bar Estates # 10, appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's grant of summary judgment for defendant limited partners compelling Erilane to turn over certain estate property and damages. Erilane failed to comply with the bankruptcy court's March 1, 1989 Order On Complaint that set forth a distribution scheme of proceeds from the sale of the debtor's only asset. We have jurisdiction under 28 U.S.C. § 158(d). See 28 U.S.C. § 158(d). We review de novo, Steelcase Inc. v. Johnston (In re Johnston), 21 F.3d 323, 326 (9th Cir.1994), and affirm.
 
 I. Jurisdictional Challenges
 A. Subject Matter Jurisdiction
 
 3
 Erilane contends that the bankruptcy court lacked subject matter jurisdiction because the order compelling him to pay the defendants was entered after the underlying bankruptcy case had been dismissed.
 
 
 4
 Bankruptcy courts have concurrent jurisdiction with the district courts over cases arising under title 11. 28 U.S.C. § 157(a). The bankruptcy court has subject matter jurisdiction to construe its prior orders notwithstanding dismissal of the bankruptcy proceeding because such proceedings arise under title 11. Beneficial Trust Deeds v. Franklin (In re Franklin), 802 F.2d 324, 326 (9th Cir.1986); see also Kokkonen v. Guardian Life Ins. Co. of America, 114 S.Ct. 1673, 1676 (1994).
 
 
 5
 Here, Erilane claims that the court order dismissing the initial Chapter 11 case became effective on February 9, 1989 and was retroactive to January 31, 1989. Erilane also claims that the order to stay the dismissal until March 1, 1989 had no legal effect. Nevertheless, the bankruptcy court stated that the underlying Chapter 11 proceeding was never dismissed, therefore it retained subject matter jurisdiction over the distribution case.
 
 
 6
 Even if the underlying case had been dismissed because the debtor paid all of its creditors and administrators, the dismissal would have taken place on March 15, 1989, fourteen days after the court entered the Order On Complaint. Thus, the bankruptcy court retained subject matter jurisdiction to interpret and enforce its order, because the Order On Complaint was entered prior to the dismissal of the underlying case. See In re Taylor, 884 F.2d at 481.
 
 B. Personal Jurisdiction
 
 7
 Erilane also contends that the bankruptcy court lacked personal jurisdiction because his attorney filed a notice of dismissal on May 3, 1991 pursuant to Rule 41(a)(1)(i). Under Rule 41(a)(1)(i), a plaintiff can voluntarily dismiss an action without a court order by filing a notice of dismissal any time before the adverse party serves him with an answer or a motion for summary judgment, whichever occurs first. See Fed.R.Civ.P. 41(a)(1)(i).
 
 
 8
 Erilane's attorney filed a notice of dismissal pursuant to Rule 41(a)(1)(i), in an effort to voluntarily dismiss the defendant limited partners' Complaint for Accounting. Erilane's attorney attempted to take advantage of a clerical error on a Ninth Circuit order filed May 5, 1991, in which Erilane was inadvertently named as the plaintiff, instead of the defendant. Because Rule 41(a)(1)(i) applies only to plaintiffs, see Fed.R.Civ.P. 41(a)(1)(i), and Erilane was not a plaintiff in the action he sought to dismiss, his personal jurisdiction claim fails. Furthermore, Erilane waived the defense of lack of personal jurisdiction by failing to raise it in his opposition to the motion to reopen the case. See Fed.R.Bankr.P. 7012(b). Thus, the court did not err in rejecting Erilane's personal jurisdiction claim. Id.
 
 II. Genuine Issues of Material Fact
 
 9
 Erilane contends that he raises genuine issues of material fact regarding the accuracy of the figures used in the bankruptcy court's calculations, the date of the first distribution of partnership funds, the applicability of interest to money owed, and his compliance with the 1989 Order On Complaint.
 
 
 10
 Summary judgment isolates and disposes of claims that are unsupported by the evidence. United States ex rel. Anderson v. Northern Telecom, Inc., 52 F.3d 810, 815 (1995), cert. denied, 116 S.Ct. 700 (1996). A properly supported summary judgment motion cannot be defeated by the mere existence of some alleged factual dispute between the parties. Id.; see California Architectural Bldg. Prods., Inc. v. Fransican Ceramics, 818 F.2d 1466, 1468 (9th Cir.1987), cert. denied, 484 U.S. 1006 (1988) ("no longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment"). There must be no genuine issue of material fact. Id. The proper inquiry in determining whether a genuine issue exists is whether a fair minded jury could find for the plaintiff based on the evidence presented. Id. If not, the plaintiff must present more persuasive evidence. Id. However, the district court may not weigh conflicting evidence or make credibility determinations during the summary judgment phase. Bator v. State of Hawaii, 39 F.3d 1021, 1026 (9th Cir.1994).
 
 
 11
 Erilane's argument consists of his weighing his evidence against the findings by the bankruptcy court, and determining that his evidence is more credible. But, granting a motion for summary judgment has nothing to do with credibility. See Bator, 39 F.3d at 1026. The bankruptcy court and BAP determined that a jury could not find in favor of Erilane, assuming that his account of the facts was true. After a thorough reading of the record, we affirm the BAP's findings.
 
 
 12
 Because Erilane fails to present more persuasive evidence than a simple allegation that a factual dispute exists, he does not raise a genuine issue of material fact to defeat the grant of summary judgment in favor of the limited partner defendants. See United States ex rel. Anderson, 52 F.3d at 815.
 
 III. Core v. Noncore Proceeding
 
 13
 Erilane asserts that the appellees' motion for summary judgment is a noncore proceeding because the bankruptcy judge did not determine that it was a core proceeding under 28 U.S.C. § 157(b)(3). We disagree.
 
 
 14
 Core proceedings involve claims that arise under title 11, or arise in a case under title 11. 28 U.S.C. § 157(b); Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431, 1435 (9th Cir.), cert. denied, 115 S.Ct. 2555 (1995). Matters involving administration of the estate, or proceedings affecting liquidation of the estate assets are core proceedings. 28 U.S.C. § 157(b)(2)(A) and (O). Noncore proceedings involve claims that are related to a case arising under title 11. 28 U.S.C. § 157(b). The bankruptcy court may issue final judgments in core proceedings, but can only propose findings of fact and conclusions of law in noncore cases. 28 U.S.C. § 157(c)(1).
 
 
 15
 The appellees' motion for summary judgment resulted from Erilane's continued refusal to comply with the bankruptcy court's 1989 Order On Complaint. As stated above, the Order On Complaint was the bankruptcy court's decision regarding the appellees' challenge of Erilane's distribution of partnership funds during the original Chapter 11 case. Therefore, Erilane's case is a core proceeding involving claims that arose in a case under title 11. See 28 U.S.C. § 157(b); In re Harris Pine Mills, 44 F.3d 1431, 1435-36 (9th Cir.1995). Moreover, this proceeding involves administration of the partnership estate. See 28 U.S.C. § 157(b)(2)(A) and (O).
 
 IV. Estoppel By Laches
 
 16
 Erilane contends that the defendant's motion for summary judgment is barred by laches because the defendants waited two years after the partnership was dissolved to move for summary judgment.
 
 
 17
 To succeed on the defense of estoppel by laches, an individual must present evidence of an inexcusable delay in exercising a known right, and that the asserting party was prejudiced by the delay. See Stevens Technical Services, Inc. v. S.S. Brooklyn, 885 F.2d 584, 588 (9th Cir.1989); Trustees for Alaska Laborers v. Ferrell, 812 F.2d 512, 518 (9th Cir.1987).
 
 
 18
 We disagree with Erilane's argument. The present action arose out of the defendants' initial Complaint for Accounting that was filed on November 18, 1988, less than one month after Erilane made the first disbursement of partnership funds. The Order On Complaint was issued March 1, 1989; and Erilane made the final disbursement of partnership funds on December 31, 1991.
 
 
 19
 The defendants are not estopped by laches from bringing a motion for summary judgment, because Erilane cannot show that he was prejudiced by an inexcusable delay. See Stevens Technical Services, Inc., 885 F.2d at 588.
 
 V. Statute of Limitations
 
 20
 Erilane contends that the motion for summary judgment is barred by California Code of Civil Procedure § 337(1) which sets forth a four-year statute of limitations period for "actions upon any contract ... founded upon an instrument in writing...." (West 1982). We disagree.
 
 
 21
 The motion for summary judgment resulted from Erilane's failure to comply with a court order, not a written contract. Therefore, § 337(1) does not apply to this case. See Cal.Code Civ.Proc. § 337(1).
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Erilane's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3