**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BAY VOLTEX CORPORATION, <br><br> Debtor, <br><br>――――――――――――――― <br><br> JOHN GARY WARNER, <br><br> Appellant, <br><br> v. <br><br> DAVID E. PEASE, <br><br> Appellee. | No. 08-60044 <br><br> BAP No. NC-08-1069-DJuT <br><br><br> MEMORANDUM [*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Jury, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted March 12, 2010
San Francisco, California

Before: HUG and BYBEE, Circuit Judges, and GWIN, [**] District Judge.

―――――――――――――――

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

John Warner was appointed by the bankruptcy court to be counsel for Bay Voltex Corporation, the debtor in possession in a Chapter 11 proceeding. Thereafter a trustee was appointed in place of the debtor. The trustee, with the approval of the court, appointed different counsel. A settlement was reached between the debtor and its shareholder, David Pease.

John Warner applied to the court for his administrative fees as counsel. The court allowed fees for his services to the debtor but disallowed fees for services after the trustee was appointed. Warner then sued in state court against the debtor and David Pease for the disallowed portion of the fees, which he contends were for their benefit.

Upon a motion by David Pease to interpret the bankruptcy court's orders, the court held that Warner's filing of the state court action was unjustified as a matter of law and fact and constituted a violation of his terms of employment and a violation of the court's prior orders. It also awarded sanctions against Warner in the amount of the attorney fees by Pease. which totaled $6500. Warner appealed to the Bankruptcy Appellate Panel, which affirmed the bankruptcy court.

Warner appeals the judgment of the Bankruptcy Appellate Panel affirming the bankruptcy court. He also appeals the Bankruptcy Appellate Panel's decision that the bankruptcy court's orders do not allow him to recover under a quantum

2

meruit claim in state court. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

As a threshold matter, the bankruptcy court had jurisdiction under 28 U.S.C. § 157 to interpret its prior order appointing Warner as Chapter 11 counsel. *See Beneficial Trust Deeds v. Franklin (In re Franklin)*, 802 F.2d 324, 326-27 (9th Cir. 1986). The bankruptcy court's May 28, 2003, order provides, "No fees shall be paid to Chapter 11 counsel post-petition unless bankruptcy court approval is first obtained and notice thereof is first given to the United States Trustee and to all creditors and to all other parties in interest." **ER at 18.** Although Bay Voltex's bankruptcy petition has now been dismissed, the fees sought by Warner in state court were initially sought for his services to the bankruptcy estate. The bankruptcy court had jurisdiction to construe its prior order as barring those fees.

The Bankruptcy Appellate Panel was correct in finding that Warner could not recover attorney's fees in quantum meruit. Any recovery of fees under that theory would be in violation of the bankruptcy court's order providing that all fees must first meet the bankruptcy court's approval.

The bankruptcy court made the required findings in sanctioning Warner. The bankruptcy court stated the following: "Pursuant to 11 U.S.C. § 105 and the court's inherent authority to sanction misconduct, *see Caldwell v. Unified Capital*

3

*Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996), sanctions should be awarded against Warner in the amount of the attorneys fees incurred by Pease." **ER at 251.** This court has recognized *Rainbow Magazine* as allowing sanctions for conduct that amounts to bad faith. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1190 n.14 (9th Cir. 2003). By finding that Warner's conduct amounted to bad faith under *Rainbow Magazine*, the bankruptcy court implicitly found that Warner knew (1) the order was applicable to his conduct and (2) he intended actions that violated the order. *See Zilog, Inc. v. Corning (In re Zilog, Inc.)*, 450 F.3d 996, 1007 (9th Cir. 2006).

**AFFIRMED.**