**In re John B. ROBERTSON, Debtor**

**John B. Robertson, Plaintiff.**

**v.**

**University Of Virginia, Defendant.**

**Bankruptcy No. 5–98–01313–7.**
**Adversary No. 5–98–00081.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

May 11, 1999.

Patrick B. Kelly, Associate General Counsel and Special Assistant Attorney General, Charlottesville, VA, for University of Virginia.

John B. Robertson, Dayton, VA, pro se.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court for decision arises as a result of a motion to dismiss by the University of Virginia for lack of subject matter jurisdiction. The University of Virginia asserts that it is an agent of the State of Virginia and, therefore, enjoys the Eleventh Amendment immunity from suit by the debtor without its consent.

### Facts:

The debtor filed the complaint proceeding seeking to have the court determine the dischargeability of his indebtedness to the University of Virginia (herein UVA) under 11 U.S.C. § 523(a)(8) on October 30, 1998. Summons and notice of trial was issued on November 2, 1998, setting a pretrial conference in the case for December 18, 1998. UVA failed to properly file a responsive pleading or appear at the pretrial conference as set in the notice and summons of trial.[1] The court entered an order dated December 23, 1998, setting a further pretrial conference for February 4, 1999, and providing that in the event UVA failed to file a proper responsive pleading pursuant to the court's order dated December 16, 1998, a default judgment order would be entered. On January 27, 1999, UVA filed an answer and affirmative defense citing lack of subject matter jurisdiction as a result of its Eleventh Amendment immunity. UVA also filed a memorandum in support of its motion to dismiss. On February 4, 1999, the court conducted a pretrial conference with both UVA and the debtor, *pro se*, present. A briefing schedule was established allowing the debtor thirty (30) days to file any responsive memorandum which he wished to file and giving UVA until March 19, 1999, to file a response should the debtor file a memorandum. The debtor declined to file a memorandum and the court continued the pretrial conference and motion to dismiss for lack of subject matter jurisdiction to May 6, 1999, in Harrisonburg. The issue of subject matter jurisdiction is ripe for decision at this time.

### Law and Discussion:

The Eleventh Amendment states:

The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In its memorandum of authority, UVA takes the position that it is an agent of the Commonwealth of Virginia and is entitled to the same Eleventh Amendment immunity as the Commonwealth, citing, among other cases *Collin v. Rector and Board of Visitors of the Univ. of Virginia*, 873 F.Supp. 1008, 1013 (W.D.Va.1995). UVA also relies on *Schlossberg v. Maryland*, 119 F.3d 1140 (4th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998) for the proposition that state defendants are immune from suit in adversarial bankruptcy actions. The *Schlossberg* case involved an adversary proceeding commenced by a Chapter 7 trustee against the Maryland Comptroller of Currency seeking to avoid debtor's income tax payment as a preferential transfer. *Id.* at 1142. In *Schlossberg*, the Fourth Circuit decided that 11 U.S.C. § 106(b), purporting to abrogate a state's sovereign immunity was unconstitutional. *Id.* at 1144. The Fourth Circuit held that absent Maryland's consent, the federal court lacked jurisdiction to entertain the trustee's action against the

---

1. UVA attempted to respond by filing with the court a letter from a delinquent accounts analyst at UVA. The court issued an order dated December 16, 1998, requiring that pleadings filed on behalf of the university be filed by its counsel.

state to avoid the debtor's preferential tax payment. *Id.* at 1150.

Another case dealing with Eleventh Amendment immunity of states decided by the Fourth Circuit is *Maryland v. Antonelli Creditors' Liquidating Trust,* 123 F.3d 777 (4th Cir.). In *Antonelli,* Maryland claimed Eleventh Amendment immunity from enforcement of the terms of a confirmed Chapter 11 reorganization plan providing that the transfer of debtor's property to a liquidating trust and the trust's sales to third parties were to be exempt from state and local transfer taxes pursuant to 11 U.S.C. § 1146(c). The Fourth Circuit determined that the State of Maryland's claim that the Eleventh Amendment barred the bankruptcy court from exercising jurisdiction over it in the context of a proceeding to confirm a plan of reorganization failed. The Fourth Circuit gave two reasons for its ruling: (1) that the confirmation order was not entered in a suit against the state; and (2) that "the power of the bankruptcy court to enter an order confirming a plan ... derives not from jurisdiction over the state or other creditors, but rather from jurisdiction over debtors and their estates." *Antonelli,* 123 F.3d at 787.

The Fourth Circuit recently addressed the Eleventh Amendment as a bar to subject matter jurisdiction of the bankruptcy court in *In re Collins,* 173 F.3d 924 (4th Cir.1999). Collins, the debtor, was a bail bondsman in Virginia who filed a no asset Chapter 7 proceeding in 1990 and obtained a discharge of his debts. The Commonwealth of Virginia had pre-bankruptcy judgments against Collins for for-

feited bail bonds. Post discharge the Commonwealth attempted to collect the forfeited bail bonds. Collins filed a motion to reopen his bankruptcy case and requested a determination of whether the judgment debt in favor of the Commonwealth was dischargeable. *Collins,* 173 F.3d 924, 925–26. No adversary proceeding was filed pursuant to Federal Rule of Bankruptcy Procedure 7001(6). The Commonwealth of Virginia was not named a defendant or a respondent in the motion and it was not served with process.[2] However, the Commonwealth had notice of the motion to reopen and filed an objection. It took the position that the debt represented a penalty that was nondischargeable under 11 U.S.C. § 523(a)(7).[3] The bankruptcy court in an unpublished opinion, first determined the discharge issue and then found cause to reopen. Apparently, no party raised the applicability of Rule 7001(6) and the court's decision did not address it. The district court affirmed the bankruptcy court.

The Commonwealth raised the issue of Eleventh Amendment immunity for the first time on appeal of *Collins* to the circuit. The Fourth Circuit decided that its holding in *Antonelli,* as opposed to its holding in *Schlossberg,* was applicable. *Id.,* 173 F.3d 924, 927–28. The court stated that there was no adversary proceeding "with its compulsory process" filed by the Collinses in order to have the dischargeability issue determined. Instead, the debtor filed a motion to reopen his case under section 350(b) and the Fourth Circuit found that section allows the bankruptcy court to reopen a case "to accord relief to the debtor, or for other cause." With no suit filed against the Common-

**2.** Rule 7001(6) states. "An adversary proceeding is governed by the rules of this Part VII. It is a proceeding (6) to determine the dischargeability of a debt ..." A reading of Rule 7001(6) would seem to indicate that an adversary proceeding must be filed in order to determine the dischargeability of a debt and it would appear to require that the entity owed the debt be named a defendant.

**3.** Indebtedness owed for a fine, penalty or forfeiture payable to or for the benefit of a governmental unit is nondischargeable and the discharge order which issues from the bankruptcy court does not impact 523(a)(7). The same would be true of 11 U.S.C. § 523(a)(8) which is the statutory authority pertaining to discharge in this case.

wealth, the holding of *Schlossberg* was not applicable. *Id.,* 173 F.3d 924, 928–29.

The jurisdictional basis for discharge derives from jurisdiction over the Debtors and their estate:

A federal court's jurisdiction over the dischargeability of a debt, just like its jurisdiction to confirm a plan of reorganization, 'derives not from jurisdiction over the state or other creditors, but rather from jurisdiction over debtors and their estate' [citations omitted]. Once a bankruptcy petition is filed the bankruptcy court has jurisdiction over the case with authority to resolve all claims against the estate and discharge the debtor, regardless of whether a state is a creditor [citations omitted].

*Collins,* 173 F.3d 924, 929–30.

Finally, the Fourth Circuit in *Collins* set forth some policy reasons for its decision:

The power of bankruptcy courts to discharge debt is fundamental to our bankruptcy system. If a state could assert Eleventh Amendment immunity to avoid the effect of a discharge order, the bankruptcy system would be seriously undermined. A person owing debts to a state could never have those debts discharged by a bankruptcy court unless the state agreed. Debtors owing money to states could not be assured of the opportunity for a "fresh start" heretofore guaranteed by the bankruptcy laws. As the Supreme Court has said, the purpose of the bankruptcy laws is to "give[ ] to the honest but unfortunate debtor ... a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). This purpose can be fulfilled today only if the bank-

ruptcy courts retain the power to discharge debts, including debts owed to states, consistent with established federal supremacy with respect to bankruptcy. *See Irving Trust Co.,* 288 U.S. at 333, 53 S.Ct. 389; *Antonelli,* 123 F.3d at 787.

*Id.,* 173 F.3d 924, 930–31.

### Discussion

 A distinction between the case at bar and the *Collins* case is that the debtor, *pro se,* elected to file an adversary proceeding under Bankruptcy Rule 7001(6) to have the discharge of his indebtedness to UVA determined under 11 U.S.C. § 523(a)(8).[4] Thus, there is a suit against an agent of the Commonwealth of Virginia and process issued from the bankruptcy court which required a responsive pleading. Given these factors, *Schlossberg* would appear to apply. However, the decision *in Collins* carves out an exception to the applicability of *Schlossberg* where discharge is involved. When discharge is at issue, the jurisdictional power of the bankruptcy court derives from control over the debtor and federal supremacy with respect to bankruptcy trumps any Eleventh Amendment claim of immunity by the state.

### Conclusion

For the foregoing reasons, the court denies the motion to dismiss of the University of Virginia based upon Eleventh Amendment immunity.

---

**4.** The Fourth Circuit in *Collins* appears to have sanctioned a procedure under which the debtor can proceed to obtain a decision as to the dischargeability of his indebtedness without being confronted by a plea to subject matter jurisdiction by the Commonwealth based upon Eleventh Amendment immunity. That procedure is simply to await the conclusion of the case, file a motion to reopen under 11 U.S.C. § 350(b) and request in that motion a determination of the dischargeability of his indebtedness under 11 U.S.C. § 523(a)(8).