In re Ernest Joseph FRANCESCHI,
Jr., Debtor.

Ernest Joseph Franceschi,
Jr., Appellant,

v.

The State Bar of California;  Francis
P. Bassios, Acting Chief Trial
Counsel, Appellees.

BAP No.  CC–01–1099–BKMa.
Bankruptcy No. LA 96–15441–ER.
Adversary No. LA 00–02774–ER.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted on July 25, 2001.

Filed Sept. 13, 2001.

Ernest J. Franceschi, Jr., Los Angeles, CA, Pro se Appellant.

Patricia D. Scotlan, Marie M. Moffat, The State Bar of California, San Francis-

co, CA, for The State Bar of California and Francis P. Bassios.

Before BRANDT, KLEIN, and MARLAR, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

Debtor attorney appeals the bankruptcy court's refusal—on grounds of sovereign immunity and *Younger* abstention—to derail a state bar disciplinary proceeding relating to a $31,000 sanction award for having prosecuted a frivolous action. We grant leave to appeal the interlocutory order granting a motion to dismiss and denying a motion for preliminary injunction, and AFFIRM.

## I. FACTS

Debtor Ernest Franceschi, Jr., filed for chapter 7 [1] relief on 21 February 1996. In his schedules, Franceschi, an attorney, listed as an asset his pending superior court lawsuit against a former client and others for their failure to honor his asserted lien claim on the settlement of the client's personal injury case. He received a chapter 7 discharge on 8 October 1996.

Franceschi continued to prosecute his lawsuit after the bankruptcy case was filed. Following a two-day bench trial in a California superior court in June 1996, the court determined that Franceschi did not have a valid lien for attorney fees because he had unjustifiably abandoned his client. The state court thereafter awarded sanctions of $31,000 to the defendants, plus costs of $3,875, pursuant to California Code of Civil Procedure § 128.5 ("Frivolous actions or delaying tactics"), finding that Franceschi's lawsuit was "without fac-

tual or legal merit," and that it had been prosecuted for "an improper or bad faith purpose" of hounding one of the defendants into bankruptcy. Los Angeles County Superior Court Judgment, 13 August 1996, Case No. NC 014983, at 4.

Franceschi responded to the sanctions judgment by making a motion to have the bankruptcy court declare it null and void as having been entered in violation of the § 362(a) automatic stay, and for sanctions under § 362(h) against the superior court defendants. Although the court orally denied the motion from the bench on 5 November 1996, with notice of that ruling given the next day, no formal order was entered until 2 September 1999.

Franceschi did not appeal the sanctions judgment against him, nor did he appeal the bankruptcy court's order denying his request for § 362(h) sanctions. He did not pay the superior court judgment, contending it was discharged in his bankruptcy. Nor did he report the imposition of judicial sanctions to the State Bar of California as California Business and Professions Code § 6068(o)(3) requires.

On 6 October 2000 the State Bar filed a Notice of Disciplinary Charges against Franceschi, alleging four violations of the California Business and Professions Code stemming from the superior court lawsuit: (1) failure to report judicial sanctions (§ 6068(o)(3)), (2) unjust litigation (§ 6068(c)), (3) failure to obey a court order (for failing to pay sanctions) (§ 6103), and (4) moral turpitude (for deliberately misrepresenting that the sanctions were discharged in bankruptcy) (§ 6106).

Franceschi filed an adversary complaint against the State Bar in the bankruptcy court seeking (1) a declaration that counts

---

1. Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

one, three, and four violated his discharge injunction; (2) a permanent injunction prohibiting the continuance of the disciplinary action; and (3) costs and attorney fees. Franceschi later amended his complaint to add Francis P. Bassios, then Acting Chief Trial Counsel for the State Bar, as a defendant.

On 20 November 2000 the State Bar Court denied Franceschi's motion to abate the disciplinary proceedings pending the outcome of the adversary proceeding.

Thereafter, Franceschi moved in the bankruptcy court for a preliminary injunction staying the disciplinary proceedings. The State Bar opposed and moved to dismiss, asserting sovereign immunity under the Eleventh Amendment and the *Younger* abstention doctrine. That doctrine provides that, absent special circumstances, federal courts should abstain from granting injunctive relief which would interfere with pending state judicial proceedings. *See Younger v. Harris*, 401 U.S. 37, 41, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (attorney discipline proceeding).

After hearing, the bankruptcy court entered an order on 23 February 2001, denying Franceschi's motion for preliminary injunction and granting the State Bar's motion to dismiss. Franceschi timely appealed.

## II. JURISDICTION

■ The bankruptcy court's jurisdiction was founded on 28 U.S.C. § 1334. The order on appeal, which merely grants a motion to dismiss and denies a preliminary injunction, is not a final order within the meaning of 28 U.S.C. § 158(a)(1) because it does not formally terminate the adversary proceeding as to all claims and all parties, and because it contains findings in violation of the "separate order" requirement of Rule 9021. Hence, it is an interlocutory order reviewable only if we grant leave. 28 U.S.C. § 158(a)(3). We treat the notice of appeal as a motion for leave to appeal, Rule 8003(c), and exercising our discretion, grant leave.

## III. ISSUES

A. Whether the bankruptcy court erred in concluding that the Eleventh Amendment barred Franceschi's adversary proceeding against the State Bar; and

B. Whether the bankruptcy court erred in abstaining pursuant to the *Younger* doctrine.

## IV. STANDARDS OF REVIEW

■ We review both the sustaining of a sovereign immunity defense and *Younger* abstention de novo. *Elias v. United States (In re Elias)*, 218 B.R. 80, 82 (9th Cir. BAP 1998), *aff'd*, 216 F.3d 1082 (9th Cir.2000) (table); *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir.2001) (en banc).

## V. DISCUSSION

Franceschi alleged in his complaint that his former client (and judgment creditor) reported him to the State Bar in an attempt to collect the sanctions. We begin by noting that the question of whether that conduct violated the discharge injunction is not here presented: Franceschi sought no relief against the former client, who is not a party to this appeal.

We first consider sovereign immunity, and then abstention.

### A. *Sovereign Immunity*

■ The Eleventh Amendment to the United States Constitution provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

States are generally immune from suit by private parties in federal court. *See Mitchell v. Franchise Tax Bd. (In re Mitchell)*, 209 F.3d 1111, 1115–16 (9th Cir. 2000). Sovereign immunity is not absolute: a state may waive it, and Congress may expressly abrogate it pursuant to a valid exercise of its power. *Id.* Although Congress intended to abrogate state sovereign immunity with § 106(a), it did so unconstitutionally. *Mitchell,* 209 F.3d at 1119–20 (citing *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999); *City of Boerne v. Flores,* 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997); and *Seminole Tribe v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)).[2]

California's attorney discipline system is described in *Hirsh v. Justices of the Supreme Court,* 67 F.3d 708, 711–12 (9th Cir.1995). The bankruptcy court, citing *Schulman v. California (In re Lazar)*, 237 F.3d 967 (9th Cir.2001), found that system met all of the elements required to be considered an arm of the state entitled to assert sovereign immunity under the Eleventh Amendment. While the bankruptcy court did not make specific findings as to each of the *Lazar* elements, Franceschi conceded at argument that the State Bar is entitled to assert sovereign immunity as an arm of the state.

■ Franceschi's argument that the bankruptcy court erred in dismissing his complaint against the State Bar on grounds of sovereign immunity is unclear. He first concedes that damages suits against states in federal courts are generally barred by the Eleventh Amendment, and conceded at argument that the State Bar could assert sovereign immunity in a damages action. To the extent his argument is that a suit for declaratory and injunctive relief against a state agency is not barred by the Eleventh Amendment, he is mistaken. *See Mitchell,* 209 F.3d at 1117 (holding that suits requesting only non-monetary relief do not divest a state of its immunity).

Next, Franceschi points out that the Eleventh Amendment does not bar injunctive relief against defendant Bassios. The bankruptcy court acknowledged this in its oral ruling, but abstained based on the *Younger* doctrine, discussed below.

Finally, Franceschi argues (essentially) that the bankruptcy court's jurisdiction over dischargeability, confirmation, and claims resolution derives not from its jurisdiction over creditors, but from its jurisdiction over debtors and their estates, citing *Gardner v. New Jersey,* 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947); *Spartan Mills v. Bank of America Ill.,* 112 F.3d 1251, 1255 (4th Cir.1997); *Maryland v. Antonelli Creditors' Liquidating Trust,* 123 F.3d 777 (4th Cir.1997); *Virginia v. Collins (In re Collins),* 173 F.3d 924 (4th

**2.** Franceschi has not challenged sovereign immunity on the basis of *Bliemeister v. Indus. Comm'n (In re Bliemeister),* 251 B.R. 383 (Bankr.D.Ariz.2000) (concluding that the states' sovereignty was abrogated in the Bankruptcy Clause of the original Constitution, once the federal government elected to enact bankruptcy laws). *See also Hood v.*

*Tenn. Student Assistance Corp. (In re Hood),* 262 B.R. 412 (6th Cir. BAP 2001) (adopting and expanding the reasoning of *Bliemeister* ). The State Bar characterizes *Bliemeister* as the "minority view" and in conflict with *Mitchell.* We express no opinion, as we are not presented with the argument, and, as discussed in part B, abstention is appropriate in any event.

Cir.1999), *cert. denied,* 528 U.S. 1079, 120 S.Ct. 785, 145 L.Ed.2d 663 (2000); and *Robertson v. Univ. of Virginia (In re Robertson),* 237 B.R. 124, 127 (Bankr.W.D.Va. 1999), *rev'd,* 243 B.R. 657 (W.D.Va.2000).

Those cases are inapplicable. In *Gardner,* the Supreme Court held that the reorganization court's exercise of jurisdiction over proof and allowance of tax claims was not a suit against the state; the state had filed a proof of claim and had thus waived sovereign immunity. 329 U.S. at 572–74, 67 S.Ct. 467. *Spartan Mills* does not involve sovereign immunity, but upheld the bankruptcy court's jurisdiction to resolve a priority dispute between two private creditors based on its jurisdiction over the estate. 112 F.3d at 1255–56.

The Fourth Circuit held in *Antonelli* that the Eleventh Amendment did not preclude enforcement of the confirmation order against the state and counties to bar them from collecting property transfer taxes, because the order was not the result of a "suit" against the state, and that the bankruptcy court's power to confirm a plan of reorganization derives not from jurisdiction over the state or other creditors, but from its jurisdiction over the debtor and the estate. 123 F.3d at 786–87.

While *Collins* and *Robertson* make clear that sovereign immunity does not bar bankruptcy courts from discharging debts owed to state entities, a principle affirmed by *Texas v. Walker,* 142 F.3d 813 (5th Cir.1998), *cert. denied,* 525 U.S. 1102, 119 S.Ct. 865, 142 L.Ed.2d 768 (1999), and (amending 254 F.3d 1135), we need only observe that that is not the issue before us: Franceschi alleges no debt to the State Bar which could be discharged.

■ The adversary proceeding is a "suit" against a state agency, the outcome of which could "coercively affect the legal position of the State via federal court jurisdiction." *Mitchell,* 209 F.3d at 1117. The

bankruptcy court did not err in determining Franceschi's claims against the State Bar are barred by sovereign immunity, and dismissing them.

## B. *Younger Abstention*

■ The bankruptcy court correctly opined that it had jurisdiction to issue an injunction against Bassios. Under *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a federal court does not violate the Eleventh Amendment in enjoining state officials to conform their future conduct to the requirements of federal law. *Franchise Tax Bd. v. Lapin (In re Lapin),* 226 B.R. 637, 646 (9th Cir. BAP 1998).

■ But the bankruptcy court concluded that exercising its *Ex Parte Young* jurisdiction would run afoul of the *Younger* doctrine, which calls upon federal courts generally to abstain from granting injunctive or declaratory relief which would interfere with pending state judicial proceedings. *Hirsh,* 67 F.3d at 712 (citing *Younger,* 401 U.S. at 40–41, 91 S.Ct. 746). Abstention under the doctrine "is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh,* 67 F.3d at 712 (citing *Middlesex County Ethics Comm.,* 457 U.S. at 432, 102 S.Ct. 2515). There is an exception to this rule where "extraordinary circumstances" exist, for example, where the state tribunal is incompetent by reason of bias. *Hirsh,* 67 F.3d at 713.

■ Franceschi does not contend that any such circumstances exist here. Nor does he dispute that the state proceedings are ongoing, and implicate important state interests. Rather, he contends obliquely that he will not have an adequate opportunity to litigate a federal issue—the anti-discrimination provision of § 525(a).

This provision, which codifies the result in *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), provides in relevant part:

> a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against ... a person that is or has been a debtor under this title ... solely because such ... debtor ... has not paid a debt that is dischargeable in the case under this title ....

Franceschi believes that the State Bar's disciplinary proceeding offends § 525. Specifically, he contends that the disciplinary complaint's counts for failing to report the sanctions, for failing to obey the court order to pay, and for moral turpitude in making a knowing false written representation to the State Bar regarding the discharge status of the sanctions debt amount to an unlawful attempt to revoke or suspend his license to practice law because he did not pay a discharged debt. He also contends the bankruptcy court's reliance on *Hirsh* is misplaced because (1) that case did not involve bankruptcy or § 525; and (2) Franceschi's complaint asks the court to enforce its own discharge order.

There are two fallacies in Franceschi's § 525 argument, the merits of which the bankruptcy court did not reach. The initial fallacy is that it begs the question of whether the debt is dischargeable. The anti-discrimination provision applies only if, first, the sanctions were actually dischargeable and, second, the disciplinary action is premised "solely" on failure to pay. Franceschi plainly will have to surmount two high hurdles to make his argument successfully: first, he will have to show that the sanctions, awarded in material part on account of post-petition litigation conduct (including two trial days), are dischargeable in the face of black-letter law that the discharge in the ordinary voluntary chapter 7 bankruptcy case does not encompass post-petition debts, § 727(b), and then he will have to show that he is being disciplined "solely" because of nonpayment, notwithstanding assertions that he violated statutory duties to report the imposition of sanctions, to maintain only such actions as are legal and just, and not to make knowing misrepresentations to the State Bar.

The other fallacy is that of the irrelevant conclusion: the "red herring." Franceschi does not attempt to argue that the State Bar transgresses § 525 by proposing to discipline him for maintaining unjust and frivolous litigation, in bad faith, and for the purpose of harassing the defendants. Thus, the § 525 argument is a red herring because, even if Franceschi is correct that he cannot be disciplined for failing to pay the sanctions, the disciplinary proceeding could nevertheless proceed without offense to the Bankruptcy Code.

Notwithstanding Franceschi's attempt in this appeal to characterize his adversary proceeding as a request that the court enforce its own discharge order, he has not sought a determination that the sanctions were discharged. As noted above, it is doubtful that they (or, at least, a material portion of them) were actually discharged, in light of the fact that they were imposed in substantial part on account of Franceschi's post-petition litigation conduct. Moreover, the record before us does not disclose whether Franceschi scheduled the adverse parties in superior court as creditors, or whether they received notice of the bankruptcy in time to object to dischargeability, or, if not, the outcome of the § 523(a)(3) analysis. *See Beezley v. Cal. Land Title Co. (In re Beezley),* 994 F.2d 1433 (9th Cir.1993). In any event, Franceschi has omitted the real parties in inter-

est—the judgment creditors—whose presence would be essential to a determination of the discharge status of the sanctions.

*Dunbar v. Contractors' State License Bd. (In re Dunbar)*, 235 B.R. 465 (9th Cir. BAP 1999), *aff'd*, 245 F.3d 1058 (9th Cir. 2001), does not save Franceschi's argument. In *Dunbar*, we held that a state agency's incorrect construction of the automatic stay or bankruptcy discharge injunction is not binding on the bankruptcy court. 235 B.R. at 472–73. The Ninth Circuit affirmed, citing its *en banc* opinion in *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074 (9th Cir.2000). *Dunbar*, 245 F.3d at 1061–64. *See also Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777, 782 (9th Cir. BAP 1999) ("[A] federal court need not give full faith and credit to state court judgments to the extent that they are void under § 524(a)(1)." (citation omitted)). But abstention was not at issue in those cases, and when the elements of *Younger* abstention are met, the court, absent "extraordinary circumstances" not here present, *must* abstain. *Hirsh*, 67 F.3d at 712.

The key question is whether Franceschi will have an opportunity to present his issue of federal law—§ 525—in the state bar's disciplinary proceeding. It is plain that he will: under California's State Bar Act, he has a statutory right to have an evidentiary hearing before the State Bar Court at which he may, among other things, exercise "any right guaranteed by the California Constitution or the United States Constitution" and otherwise defend himself with evidence and legal argument. Cal. Bus. & Prof.Code § 6085. Moreover, he may have the action of the State Bar Court reviewed by the California Supreme Court. *Id.* § 6082.

In light of the nature of proceedings in the State Bar Court and the availability of review by the California Supreme Court (and possibility of certiorari thence to the U.S. Supreme Court) we cannot say, under the third *Younger* abstention requirement, that there is no "adequate opportunity" for Franceschi to present his federal law claims under Bankruptcy Code § 525. *Middlesex County Ethics Comm.*, 457 U.S. at 435–36, 102 S.Ct. 2515.

This analysis leads to the conclusion that *Hirsh* does apply here. Although that case did not involve bankruptcy, it did involve federal constitutional claims which, under then-applicable California law, the Bar Court could not consider. Nevertheless, the Ninth Circuit held that the third *Younger* requirement was met, because those claims could be raised in judicial review of the Bar Court's decision, even though that review was discretionary. The *Hirsh* analysis now applies with even more force because, as noted, the State Bar Act now expressly permits federal constitutional claims to be considered. Cal. Bus. & Prof.Code § 6085(e) (as amended, 1999). "Judicial review is inadequate only when state procedural law *bars* presentation of the federal claims." *Hirsh*, 67 F.3d at 713 (emphasis in original).

The bankruptcy court correctly found that all three elements mandating *Younger* abstention were present: the proceedings against Franceschi were ongoing when he filed his adversary proceeding, they implicated important state interests, and he may raise his bankruptcy defenses in those proceedings. Of course, nothing precludes Franceschi from seeking a determination from the bankruptcy court whether the sanctions were discharged. While this may not be the most efficient use of judicial resources, the Constitution and principles of federalism trump efficiency.

## C. *Preliminary Injunction*

The bankruptcy court did not explicitly rule on the merits of Franceschi's request for a preliminary injunction, and the written order denies that motion. Although Franceschi raised the denial as an issue on appeal, he did not address it in his opening brief, and has waived it. *See Law Offices of Neil Vincent Wake v. Sedona Inst. (In re Sedona Inst.)*, 220 B.R. 74, 76 (9th Cir. BAP 1998). We decline to consider it.

## VI. CONCLUSION

Franceschi, asserting that the monetary sanction imposed on him was within the ambit of his discharge, presumes he need not report that sanction as state law requires, and that he may simply wave his discharge and ignore it. He is profoundly mistaken: just as lawyers may not arrogate to themselves the power to rule on their own objections to deposition questions, *see Barton Bus. Park Assocs. v. Alexander (In re Barton Bus. Park Assocs.)*, 118 B.R. 776, 779 (Bankr.E.D.Cal. 1990), they may not usurp the State Bar's disciplinary functions. Whether or not the sanction itself was discharged, its imposition is a valid concern of the disciplinary authorities, as is the conduct upon which it was predicated and any misrepresentation Franceschi may have made.

The bankruptcy court properly ruled that Eleventh Amendment sovereign immunity barred Franceschi's complaint against the State Bar, and, in any event, properly abstained under the *Younger* doctrine. We AFFIRM.