In re Julius Jacob PAVELICH; Muriel Beth Pavelich, Debtors.

Julius Jacob Pavelich and Muriel Beth Pavelich, Appellants,

v.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP and State Center Plaza, Appellees.

BAP No. CC–98–1386–KJB.

Bankruptcy No. 92–11499–MJ.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Dec. 2, 1998.

Decided Jan. 21, 1999.

As Amended Feb. 22, 1999.

779

Jon H. Lieberg, Temecula, CA, for Julius and Muriel Pavelich.

Scott M. Reddie, McCormick, Barstow, Sheppard, Wayte & Carruth, Fresno, CA, for McCormick, Barstow and State Center Plaza.

Before KLEIN, JONES and BRANDT, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

The question in this appeal is whether a state court judgment can be collaterally attacked, or enjoined in enforcement, in federal court on the theory that it is void as violative of the bankruptcy discharge. We conclude that the bankruptcy court does have jurisdiction to enforce the discharge in the face of a contrary state court judgment. The bankruptcy court's holding that it lacks such jurisdiction is REVERSED.

## JURISDICTION

Jurisdiction was founded upon 28 U.S.C. § 1334(a). 28 U.S.C. § 157(b). We have jurisdiction under 28 U.S.C. § 158(c).

## SUMMARY OF ISSUES

Whether the bankruptcy court has jurisdiction to enforce a discharge after a bankruptcy case is dismissed.

Whether the bankruptcy court has jurisdiction to entertain a collateral attack on, or enjoin the enforcement of, a state court judgment that is alleged to violate the bankruptcy discharge.

## STANDARD OF REVIEW

Subject matter jurisdiction is a question of law that is reviewed de novo. *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 881 (9th Cir. BAP 1995).

## FACTS

Julius and Muriel Pavelich were debtors in separate involuntary chapter 7 cases. Relief was ordered. The cases were consolidated. The debtors received discharges under 11 U.S.C. § 727(a).

After the discharges were entered, the bankruptcy cases were dismissed on debtors' motion seconded by the chapter 7 trustee. The court's dismissal order did not purport to vacate the discharge.

The law firm of McCormick, Barstow, Sheppard, Wayte & Carruth LLP ("McCormick Barstow") rendered services to the Paveliches both before and after the involuntary chapter 7 cases were filed against them.

After the bankruptcy cases were dismissed, McCormick Barstow (through its assignee State Center Plaza) sued the Paveliches in state court to collect $16,402.45 in unpaid fees, of which about $3,925 related to services rendered after the bankruptcy cases were filed.

The Paveliches asserted the defense of discharge in bankruptcy. The parties briefed the issue of discharge at the request of the state court, which then entered judgment for $3,816.83, plus fees and costs, without explaining its reasoning.

Contending that McCormick Barstow was violating the discharge injunctions by attempting to collect a discharged debt, the Paveliches filed a motion to reopen their bankruptcy cases so that they could pursue relief by way of contempt and sanctions.

The bankruptcy court denied the motion to reopen, dissolved a temporary restraining order that it had issued on an emergency basis, and declared that the bankruptcy court lacked jurisdiction to determine whether the bankruptcy discharge was violated. It opined that the state court had concurrent jurisdiction and that under the *Rooker–Feldman* doctrine stripped the bankruptcy court of subject matter jurisdiction over the state court judgment.

The bankruptcy court did not focus upon whether, even if the state court did correctly apply the discharge when it awarded the portion of the sum requested that roughly corresponded with postpetition services, McCormick Barstow nevertheless violated the discharge injunction by suing to collect the discharged portion of the debt as a personal liability of the debtors.

This appeal ensued.

## DISCUSSION

The analysis of the bankruptcy court's jurisdiction necessitates two inquiries: first, whether in light of the prior dismissal of the bankruptcy cases there was power to do anything to enforce the discharges; second, whether any such power permits collateral attack of judgments of nonbankruptcy courts.

### I

The first question subdivides into whether the discharges survived the dismissal of the bankruptcy cases and whether a bankruptcy court can enforce them.

### A

■ The dismissal of a bankruptcy case reinstates superseded proceedings, avoids transfers, and certain avoided liens, vacates specified orders, and revests property of the estate in its prebankruptcy status unless the bankruptcy court orders otherwise. 11 U.S.C. § 349(b).

The discharge order, however, is not one of the orders that is listed in § 349(b) as automatically undone by dismissal of the bankruptcy case. Although not entirely free from doubt insofar as a discharge is concerned, the omission of an order from the list in § 349(b) ordinarily means that dismissal does not affect the omitted order. *Carraher v. Morgan Electronics, Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir.1992); *In re Statistical Tabulating Corp., Inc.*, 60 F.3d 1286 (7th Cir.1995).

We conclude that the dismissal order, without more, did not automatically revoke the debtors' discharges.

### B

■ In view of the dismissal of the bankruptcy cases, the question becomes whether the bankruptcy court has jurisdiction to enforce the discharges (regardless of whether there is a state court judgment). It does.

■ Under the law of the Ninth Circuit, a bankruptcy court retains subject matter jurisdiction over orders entered prior to dismissal of the underlying bankruptcy case and to dispose of ancillary matters that are not

otherwise moot. *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478 (9th Cir.1989); *Beneficial Trust Deeds v. Franklin (In re Franklin)*, 802 F.2d 324, 326–27 (9th Cir.1986) (construe stipulation); *USA Motel Corp. v. Danning*, 521 F.2d 117 (9th Cir.1975) (attorney's fees). Other courts take the same view. *Statistical Tabulating*, 60 F.3d 1286 (turnover order on remand).

Thus, the bankruptcy court had subject matter jurisdiction to deal with matters relating to the discharge of the Paveliches.

## C

Whether a motion to reopen a case is procedurally necessary preliminary to raising a discharge enforcement matter is uncertain.

Reopening a dismissed case is an oxymoron—since the consolidated cases were dismissed rather than closed, there are no closed cases to reopen. *See Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Bldrs., Inc.)*, 699 F.2d 963 (9th Cir.1983). Moreover, the Bankruptcy Code differentiates closing a case from dismissing a case in a fashion that arguably treats closing and dismissal as mutually exclusive. *See, e.g.*, 11 U.S.C. §§ 349–350(a).

The procedural alternative is merely to make a motion or file an adversary proceeding on a retained jurisdiction theory in a dismissed case. *Franklin*, 802 F.2d at 327; *Statistical Tabulating*, 60 F.3d at 1288–90.

As a practical matter, the choice between the oxymoron of reopening a dismissed case and merely taking up the matter on a retained jurisdiction theory in the dismissed case makes no difference where the object is affording the debtor relief by way of enforcing the discharge. No trustee would need to be appointed under 11 U.S.C. § 703(b); no other bankruptcy work would need to be accomplished.

We need not decide whether the motion to reopen was the appropriate procedure or whether the bankruptcy court abused its discretion in refusing to reopen the case. The court's actions in issuing a temporary restraining order without having first reopened the case and in declaring the status of its jurisdiction are equally consistent with having treated the matter on a retained jurisdiction theory.

## II

The key question is whether the bankruptcy court can enforce the discharge in the face of a contrary state court judgment. It can.

## A

■ By federal statute, any judgment of any court that does not honor the bankruptcy discharge is "void" to that extent. Specifically, a bankruptcy discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived". 11 U.S.C. § 524(a)(1).

The discharge also operates as an injunction against the commencement or continuation of an action to collect a discharged debt as a personal liability of the debtor. 11 U.S.C. § 524(a)(2).

Section 524(a) was derived from former Bankruptcy Act § 14f, which was added in 1970 to correct a perceived abuse arising from the former status of a bankruptcy discharge as merely creating an affirmative defense that was waived if not affirmatively pleaded and proved in postbankruptcy litigation. By declaring that "any judgment theretofore or there after obtained in any other court is null and void as a determination of the personal liability of the bankrupt" as to discharged debts, Congress was expressly making it possible for a discharged debtor to ignore a creditor's subsequent action in a nonbankruptcy court. Bankruptcy Act § 14f, *added by* Pub.L. 91–467, § 3, 84 Stat. 991, *repealed by* Pub.L. 95–598, § 401, 92 Stat. 2682 (1978); 4 Lawrence P. King, et al., Collier on Bankruptcy ¶ 524.LH (15th ed. rev.1998).

■ The affirmative nature of the defense of discharge in bankruptcy, thus, was effectively outlawed in 1970. It became an absolute defense that relieved a discharged debtor from the need to defend a subsequent action in state court. *See* H.Rep. No. 91–

1502, 91st Cong. 1–2 (1970); S.Rep. No. 91–117, 91st Cong. (1970); 116 Cong.Rec. 9549 (1970) (Statement of Cong. Wiggins).

■ Thus, all judgments purporting to establish personal liability of a debtor on a discharged debt, including judgments obtained after bankruptcy, are void to that extent. They are not voidable, they are void ab initio as a matter of federal statute.

### B

The statutory voidness and statutory injunction created by § 524(a) operate to strip a state court of the subject matter jurisdiction to require a debtor to pay a discharged debt. This plays out in several ways.

### 1

■ One consequence is that a federal court need not give full faith and credit to state court judgments to the extent that they are void under § 524(a)(1). *Fernandez–Lopez v. Fernandez–Lopez (In re Fernandez–Lopez)*, 37 B.R. 664, 668–70 (9th Cir. BAP 1984) (*citing Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934)). Hence, § 524(a) is a statutory exception to the Full Faith and Credit Statute. 28 U.S.C. § 1738.

Thus, when the bankruptcy court was presented with a request to consider whether it should entertain an injunction to enforce the discharge, it should not have taken the position that it could not examine the state court judgment.

### 2

■ Another consequence is that a statutorily void judgment may be collaterally attacked. *Fernandez–Lopez*, 37 B.R. at 669.

The rationale is that Congress has plenary authority over bankruptcy in a manner that entitles it to preclude state courts from doing anything in derogation of the discharge.

As the Supreme Court has explained, "Congress, because its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation create an exception to that principle [res judicata] and render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collater-

ally." *Kalb v. Feuerstein*, 308 U.S. 433, 438–39, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *cf. International Longshoremen's Ass'n, AFL—CIO v. Davis*, 476 U.S. 380, 393 n. 11, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986).

The Supremacy Clause carries the day: "The States cannot, in the exercise of control over local laws and practice, vest state courts with power to violate the supreme law of the land." *Kalb*, 308 U.S. at 439, 60 S.Ct. 343.

### 3

■ Regardless of what a state court may do with respect to the personal liability of a discharged debtor, the bankruptcy court has jurisdiction to enforce the statutory discharge injunction.

This necessarily places the bankruptcy court in the position of scrutinizing a state court judgment. The bankruptcy court, of necessity, must be able to ascertain the extent to which the judgment is void under § 524(a)(1) as an essential element of determining whether the § 524(a)(2) discharge injunction has been violated.

■ The *Rooker–Feldman* doctrine does not compel a contrary conclusion. Under that doctrine, inferior federal courts are precluded from reversing or modifying a state court judgment on the merits where the issues decided in the state court are "inextricably intertwined" with the federal issue before the federal court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Ct.App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); 18 James W. Moore, Moore's Federal Prac. § 133.30[3][c][ii] (3d ed.1998); Charles A. Wright, Arthur R. Miller and Edward H. Cooper, 18 Federal Proc. & Prac. § 4469 (1981 & Supp.1998). It has been said to be a doctrine of jurisdiction, not a doctrine of res judicata. *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998). But its indiscriminate use has been criticized as a too-facile substitute for res judicata that may be unwise. 18 Federal Proc. & Prac. § 4469 (Supp.1998).

We have applied *Rooker–Feldman* in the bankruptcy context. *Audre, Inc. v. Casey (In re Audre)*, 216 B.R. 19 (9th Cir. BAP 1997).

■ An exception to *Rooker–Feldman* applies when the state proceeding is a legal nullity and void ab initio. *Kalb v. Feuerstein,* 308 U.S. at 438–40, 60 S.Ct. 343 (judgment in violation of automatic stay void); *Audre,* 216 B.R. at 29. Enforcing a bankruptcy court's discharge order in the face of a final state court judgment is permitted. *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

■ The rationale for the exception is that because "a void judgment is null and without effect, the vacating of such a judgment is merely a formality and does not intrude upon the notion of mutual respect in federal-state interests." *James v. Draper (In re James),* 940 F.2d 46, 52 (3d Cir.1991).

■ The issuance of the bankruptcy discharge is a matter within exclusive federal jurisdiction. A state court that does not honor a bankruptcy discharge is, in effect, not honoring a federal judgment. And a "Congressional grant of exclusive jurisdiction to the federal courts includes the implied power to protect that grant." *Gonzales v. Parks,* 830 F.2d 1033, 1036 (9th Cir.1987) (bankruptcy court has power to declare state judgment in violation of automatic stay void at its inception).

The bankruptcy court erred when it ruled that the *Rooker–Feldman* doctrine stripped it of jurisdiction to consider whether the state court's judgment was void ab initio and whether the discharge injunction had been violated.

### C

We emphasize that the proposition we decide here is narrow. One must be careful to distinguish between what state courts can do with respect to the discharge itself and what they can do with respect to excepting a particular debt from discharge. While they have no authority to vary the terms of the discharge, they have considerable authority to except particular debts from discharge.

Statutory voidness and the statutory injunction under § 524(a) are limited to the discharge itself, and do not affect the determination whether particular debts are excepted from the discharge.

### 1

■ With respect to the discharge itself, state courts have the power to construe the discharge and determine whether a particular debt is or is not within the discharge. Indeed, discharge in bankruptcy is a recognized defense under state law. *Costa v. Welch (In re Costa),* 172 B.R. 954, 961–62 (Bankr.E.D.Cal.1994).

But since 1970 the state court's power has been subject to the unusual limitation that stems from statutory voidness which now appears at § 524(a)(1). While the power to decide an issue ordinarily connotes the power to decide it incorrectly, with any erroneous result being enforceable unless corrected on appeal, § 524(a)(1) statutory voidness commands a different result.

■ If the state court construes the discharge correctly, its judgment will be enforced and not be vulnerable to being upset by means outside the normal appellate channels. If, however, the state court construes the discharge incorrectly, then its judgment may be void to the extent it offends the discharge and subject to collateral attack in federal court.

We note the analogy to the regime that prevails with respect to the automatic stay under 11 U.S.C. § 362. A nonbankruptcy court has jurisdiction to determine whether the stay applies, but, since the bankruptcy court has exclusive authority to vacate or modify the stay, any action by the nonbankruptcy court that results from too narrow a construction of the automatic stay risks being treated as void ab initio. *Schwartz v. United States (In re Schwartz),* 954 F.2d 569, 573–75 (9th Cir.1992); *Gonzales v. Parks,* 830 F.2d 1033 (9th Cir.1987).

This result of only honoring correct decisions, although unusual, pertains even under the newer view of judgments espoused in the *Restatement 2d of Judgments:* "When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if: ... (2) Allowing the judgment to stand would substantially infringe

the authority of another tribunal or agency of government". *Restatement 2d of Judgments* § 12(2).

In short, the state court has jurisdiction to construe the bankruptcy discharge correctly, but not incorrectly. An incorrect construction would be void ab initio.

2

 In contrast, state courts do have concurrent jurisdiction under 28 U.S.C. § 1334(b) to determine most theories of whether a particular debt is excepted from discharge or, in bankruptcy parlance, nondischargeability. *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 919–24 (Bankr.E.D.Cal.1995).

A state court's erroneous determination that specific debts, e.g., child support subject to 11 U.S.C. § 523(a)(5) or drunk driving injuries subject to 11 U.S.C. § 523(a)(9), are excepted from discharge would be viewed as mere legal error on a matter over which it has subject matter jurisdiction. The judgment would not be viewed as void unless the automatic stay had not expired or been modified to permit the judgment. Any error would have to be corrected through ordinary direct review processes.

Hence, *Rooker–Feldman* applies to exceptions to discharge that are determined by state courts that have concurrent jurisdiction over the specific nondischargeability issue. *Arizona v. Ott (In re Ott)*, 218 B.R. 118, 125 (Bankr.W.D.Wash.1998).

Thus, on matters of nondischargeability of particular debts, the state courts have jurisdiction both to decide whether they are excepted from discharge and to get it wrong.

## CONCLUSION

The bankruptcy court ruled that it lacked jurisdiction to entertain the question whether the state court award in favor of McCormick Barstow was valid. Its conclusion that the *Rooker–Feldman* doctrine deprived it of jurisdiction to consider the matter was error.

The bankruptcy court had jurisdiction to entertain a collateral attack on the state court judgment entered against the Paveliches in order to test whether that it was void under § 524(a)(1). And it had jurisdiction to consider whether McCormick Barstow violated the discharge injunction under § 524(b) by suing on a debt that appears, at least in part, to have been a prepetition debt that probably was discharged.

Although the bankruptcy court's ruling that the case would not be reopened arguably could be read to suggest that the court did not perceive substantial merit in the Paveliches' position, the explanation that it lacked jurisdiction indicates that it did not seriously consider the merits of the matter. Moreover, while it may turn out that the state court judgment only applies to postpetition liability that was not discharged, there still would remain the issue whether McCormick Barstow violated the injunction when it sued to recover sums that were discharged and, if so, whether any remedy should be imposed.

Accordingly, we REVERSE and REMAND.