# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1178

_____

In re: C. Dean Ferren; Sue S. Ferren,    *
                                 *

         Debtors,                *
                                   *

------------------             *
                                   *

C. Dean Ferren,              *
                                   *

         Appellant,            *
                                   *

           v.                     *
                                   *   Appeal from the United States

Searcy Winnelson Company;       *   Bankruptcy Appellate Panel
McPherson Electric Company, Inc.;    *   for the Eighth Circuit.
Strother-Wilbourn Land Title       *
Company; North Little Rock        *   (PUBLISHED)
Winnelson Company; Charles Hicks,    *
doing business as Budget Print;      *
Searcy Physical Therapy Clinic;     *
McClain Heating and Air; Ken Dick &   *
Associates, Inc.,              *
                                   *

         Appellees.           *

_____

Submitted: January 6, 2000
Filed: February 11, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

C. Dean Ferren initiated an adversary proceeding in bankruptcy court seeking to recover the proceeds from the foreclosure and sale of certain real estate which had been disbursed by the Arkansas Chancery Court to satisfy judicial liens against Ferren. He argued to the bankruptcy court, as he had to the Chancery Court, that his bankruptcy had discharged the liens. The bankruptcy court dismissed the action, and the Bankruptcy Appellate Panel affirmed under the Rooker-Feldman doctrine. Ferren appeals.

We agree with the Bankruptcy Appellate Panel that Rooker-Feldman bars Ferren's action. If the bankruptcy court were to entertain Ferren's adversary proceeding, it would necessarily be reviewing the lien-discharge argument already rejected by the Arkansas Chancery Court, and in order to grant Ferren the relief he seeks, the bankruptcy court would have to effectively void the Arkansas Chancery Court's decision. Under Rooker-Feldman, the bankruptcy court lacks jurisdiction to do so. See Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034-35 (8th Cir. 1999).

We note that the Bankruptcy Appellate Panel for the Ninth Circuit has taken the opposite view in its decision in In Re Pavelich, 229 B.R. 777, 781-83 (B.A.P. 9th Cir. 1999) (a federal court has jurisdiction to collaterally attack an erroneous state court construction of a bankruptcy discharge because it is void ab initio under 11 U.S.C. §524(a)(1)), but we specifically reject its view of the applicability of the Rooker-Feldman doctrine. Instead, we agree with the reasoning of the Bankruptcy Appellate Panel of the Sixth Circuit in its decision in In Re Singleton, 230 B.R. 533 (B.A.P. 6th Cir. 1999) (state court determination that bankruptcy order staying sale of debtor's personal property did not apply to other property of the debtor is not subject to collateral attack by a federal court because no exception to Rooker-Feldman doctrine applies). In our present case, the state court determined that the judicial liens had not

been discharged during federal bankruptcy proceedings. In our view, Ferren's only remedy at that point was to appeal within the state courts of Arkansas, because the bankruptcy court lacked jurisdiction to overturn the state court judgment and we decline to create an exception to the <u>Rooker-Feldman</u> doctrine.

Accordingly, we affirm the judgment of the Bankruptcy Appellate Panel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.