**In re Mary Ellen HOMER–RADTKE, Debtor.**

**Mary Ellen HOMER–RADTKE, Plaintiff,**

v.

**Associated Mortgage, Inc.; John A. Radtke; Neil H. Levin; Neil H. Levin & Associates, P.C., Defendants.**

**Mary Ellen Homer–Radtke, Plaintiff,**

v.

**John A. Radtke; Neil H. Levin; Neil H. Levin & Associates, P.C., Defendants.**

Nos. 03 B 26152, 03 A 4513, 03 A 4514.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

March 5, 2004.

Mary Ellen Homer–Radtke, pro se.

Kim M. Casey, Holmstrom & Kennedy, P.C., Rockford, IL, for Associated Mortgage, Inc.

### MEMORANDUM OPINION

A. BENJAMIN GOLDGAR, Bankruptcy Judge.

This matter is before the court on the motion of defendant Associated Mortgage, Inc. to dismiss case No. 03 A 4513, and on the court's *sua sponte* suggestion that it lacks subject matter jurisdiction over that case and over companion case No. 03 4514. The *pro se* debtor has filed responses in both proceedings arguing that there is jurisdiction. For the reasons that follow, both actions are dismissed.

### 1. Facts

The complaints in question are each just two pages long, consisting of four and six paragraphs respectively. Both are virtually opaque.

#### a. Case No. 03 A 4513

The four-paragraph complaint in case No. 03 A 4513 alleges that certain orders entered in a civil action pending in the Circuit Court of Lake County, Illinois (No. 98 CH 1240) are "void." Although the debtor has not identified the nature of the civil action in the complaint itself, Associated Mortgage asserts that the case is a mortgage foreclosure action against the debtor. The debtor does not disagree.

This court's records—records of which the court can take judicial notice, *In re Pearson Indus., Inc.*, 178 B.R. 753, 766 (Bankr.C.D.Ill.1995)—suggest that the action is currently on appeal from an order entered in the foreclosure action on May 13, 2003. (*See* Exs. to Assoc. Mortgage Mtn. for Relief from Automatic Stay filed Oct. 3, 2003).[1] At the behest of Associated Mortgage, this court modified the stay last October to allow the appeal to proceed. Whether the appeal is still pending is unclear, although Associated Mortgage claims it is.

The debtor alleges in her complaint that all orders entered in the foreclosure action are "void" for three reasons: "necessary and indispensable parties" were not joined, "plaintiff" [*sic*—presumably Associated Mortgage] lacked standing to bring the action, and "a copy of the promissory note" was "not produced." The debtor asks this court to declare the orders "void" and to "vacate and expunge" them.

Named as defendants in the action are Associated Mortgage; John A. Radtke, the debtor's ex-husband (although in another filing not relevant here the debtor seems to dispute the validity of their divorce); Neil Levin, John Radtke's counsel; and Levin's firm.

#### b. Case No. 03 A 4514

The six-paragraph complaint in case No. 03 A 4514 is even less enlightening. The debtor alleges that "part of the final judgment"—but not all of it, apparently—in another Lake County Circuit Court case (No. 02 CH 1925) is "void." The complaint nowhere identifies the nature of the case, the parties, or the judgment, although the case was clearly filed before the bankruptcy. A "notice" the debtor later filed purporting to "supplement" the complaint and

---

1. The order is not a judgment of foreclosure and sale but rather an order on the debtor's "objection to jurisdiction, judicial misconduct and to breach of the peace." (*Id.*). In response to the objection, the state judge hearing the action recused himself, and another judge was substituted. Associated Mortgage asserts in its reply here that no final judgment was ever entered in the action, and so the appellate court lacks jurisdiction over the debtor's appeal. The appellate court's jurisdiction is, of course, for the appellate court, not this court, to decide.

"join defendants" describes the case as a "quiet title" action.[2]

The complaint's substantive allegations consist of an introductory paragraph, three paragraphs asserting legal conclusions about Illinois Supreme Court Rule 137, and two paragraphs asserting legal conclusions of a jurisdictional nature: (1) that when a court's power is "controlled by Supreme Court Rule," the court has "limited jurisdiction" and must comply with the rule; and (2) that actions exceeding a court's jurisdiction are "void." On the basis of this, the debtor asks this court to declare "part of the final judgment" the state court issued "void" and to vacate and expunge that part, whatever it may be.

Again, Radtke, Levin and the Levin firm are the defendants.

## 2. Procedural History

The debtor filed her complaints on December 1, 2003. In early January, the court held an initial status hearing in both cases of the kind routinely held in all adversary proceedings. At the hearing, Associated Mortgage presented a motion to dismiss case No. 03 A 4513, arguing that the action should be dismissed for three reasons: the complaint failed to state a claim; the action was not a proper adversary proceeding contemplated by Bankruptcy Rule 7001; and a chapter 7 debtor has no standing to bring any sort of adversary proceeding because the trustee is the sole representative of the bankruptcy estate. No other defendant in case No. 03 A 4513 appeared at the status hearing, and

no defendants at all appeared on case No. 03 A 4514.

For its part, the court *sua sponte* raised at the status hearing what it considered a more glaring preliminary problem with both cases: that lower federal courts like the bankruptcy court lack jurisdiction to review the decisions of a state court.[3] Though she describes herself as "not schooled or trained in the law," the *pro se* debtor rightly recognized this as the *Rooker–Feldman* doctrine. She responded that the doctrine did not apply, asserting that *Rooker–Feldman* does not bar an action challenging state court orders as "void," and that a void order can be attacked at any time, in any court.

The court gave the debtor leave to file written memoranda making her *Rooker–Feldman* argument in more detail. She has done so. Associated Mortgage has filed a reply in support of its motion in case No. 03–4513. The matters are ready for decision.

## 3. Analysis

The court concludes that it lacks subject matter jurisdiction over these actions. The debtor is plainly asking this court to review state court decisions, something that under the *Rooker–Feldman* doctrine the court has no power to do. The exception to the doctrine the debtor cites has not been universally adopted and in any event does not apply in this case. Both adversary proceedings must be dismissed.

The *Rooker–Feldman* doctrine holds that federal courts other than the Supreme Court have no authority to re-

2. The debtor filed a similar "notice" attempting to "join defendants" and "supplement" her complaint in case No. 03–4513. The debtor has relied on these notices rather than filing a motion under Bankruptcy Rule 7015 to amend her complaints.

3. This court has an obligation to examine its own subject matter jurisdiction, *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986), even where, as here, the parties have not questioned it, *Smith v. American General Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir.2003).

view decisions of state courts. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Parties seeking review of state court decisions—or claiming that a state judicial proceeding violated their constitutional rights—must instead pursue relief in state court. *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999). Lower federal courts lack jurisdiction to review those decisions, regardless of what errors the state courts may have committed. *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 996 (7th Cir.2000).

■■■ The *Rooker–Feldman* doctrine applies not only to direct attacks on state court judgments but also to "claims that are inextricably intertwined with state court determinations." *Long,* 182 F.3d at 554. Whether a claim is "inextricably intertwined" with a state court judgment depends on "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Brokaw v. Weaver,* 305 F.3d 660, 665 (7th Cir.2002) (internal quotation omitted); *Kamilewicz v. Bank of Boston Corp.,* 92 F.3d 506, 510 (7th Cir. 1996).

■ The "key inquiry" in every *Rooker–Feldman* case, however, is whether the federal court "is in essence being called upon to review the state-court decision." *Zurich American Ins. Co. v. Superior Ct.,* 326 F.3d 816, 823 (7th Cir.2003) (internal quotation omitted). If "success in the federal court would require overturning the state court decision," the federal court lacks jurisdiction over the claim. *Epps v. Creditnet, Inc.,* 320 F.3d 756, 759 (7th Cir. 2003). The claim is barred and must be dismissed.

■ *Rooker–Feldman* bars the claims here. Both adversary proceedings are undisguised frontal assaults on the decisions of an Illinois state trial court. In case No. 03 A 4513, the debtor alleges procedural errors (problems with joinder and so on) in a state mortgage foreclosure action where she was a defendant. She then asks the bankruptcy court to vacate the state court's orders. In case No. 03 A 4514, the debtor attacks the judgment in a state quiet title action where she was also apparently a defendant. She seems to allege that the complaint was groundless—she cites Illinois Supreme Court Rule 137, the equivalent of Federal Rule of Civil Procedure 11—and asserts that the state court somehow exceeded its jurisdiction. Again, the debtor asks this court to vacate a state court order.

*Rooker–Feldman* cases sometimes raise difficult questions, but there is no difficulty here. These adversary proceedings are nothing but naked attempts to have a federal court review state court decisions and overturn them. That is something this court lacks jurisdiction to do. *Epps,* 320 F.3d at 761 (observing that the *Rooker–Feldman* doctrine blocks an "attempt to use the federal courts as a substitute appellate tribunal for the state courts"). If the debtor wants decisions of Illinois state trial courts reviewed, Illinois provides appellate courts that will happily accommodate her. These actions, however, must be dismissed. *Cf. Soehngen v. Leal,* 2000 WL 194813 at *4 (N.D.Cal. Feb.14, 2000) (dismissing as barred complaint alleging that state judgment and state court orders enforcing judgment were "void").

In her written responses, the debtor admits that she is challenging state court judgments and also admits that "[n]ormally the *Rooker–Feldman* doctrine would preclude" the actions. She claims, howev-

er, that *Rooker–Feldman* does not bar a federal action attacking a state court order as "void." And a "void" order, she says, is any order "inconsistent with due process."

The debtor substantially overstates matters. Some courts, particularly the Ninth Circuit, have indeed recognized a "narrow" exception to the *Rooker–Feldman* doctrine where a state court order is "void ab initio." *Pavelich v. McCormick, Barstow, Sheppard, Wayte, & Carruth LLP (In re Pavelich),* 229 B.R. 777, 783 (9th Cir. BAP 1999); *see also James v. Draper (In re James),* 940 F.2d 46, 52 (3rd Cir.1991) (dictum). Other courts, however, have not. *See, e.g., Ferren v. Searcy Winnelson Co. (In re Ferren),* 203 F.3d 559, 560 (8th Cir.2000). The Seventh Circuit noted last year that it had "acknowledged" this "rarely invoked" exception but "ha[d] not endorsed it." *Schmitt v. Schmitt,* 324 F.3d 484, 487 (7th Cir.2003).

■ Even those courts adopting the exception, however, would not permit a federal collateral attack on any state judgment a disgruntled state court litigant decided to label "void." The exception is far more limited. Applicable only in bankruptcy cases, *see Schmitt,* 324 F.3d at 487, it permits federal judicial review of state court orders entered in violation of the automatic stay, *see In re Gruntz,* 202 F.3d 1074, 1082–83 (9th Cir. 2000); *In re Benalcazar,* 283 B.R. 514, 525–26 (Bankr.N.D.Ill.2002), or the discharge injunction, *see Pavelich,* 229 B.R. at 783. Federal review is necessary in those instances "to protect the dominant federal role in that specialized area of the law." *Schmitt,* 324 F.3d at 484 (acknowledging the rationale and stating that the exception "might be appropriate" in those circumstances); *Gruntz,* 202 F.3d at 1082; *Pavelich,* 229 B.R. at 783.

■ The "void *ab initio*" exception does not confer federal jurisdiction over claims that a state court violated due process, as the debtor here seems to believe. On the contrary, the Seventh Circuit and other courts have repeatedly held that the *Rooker–Feldman* doctrine applies in the face of such claims. *See, e.g., Richard v. Hoechst Celanese Chemical Group, Inc.,* 355 F.3d 345, 350 (5th Cir.2003); *Goetzman v. Agribank, FCB (In re Goetzman),* 91 F.3d 1173, 1178 (8th Cir.1996); *Kamilewicz,* 92 F.3d at 510. Even assuming the debtor had alleged due process violations here (and it does not appear she has), *Rooker–Feldman* bars federal review of state court decisions "[n]o matter how erroneous or unconstitutional the state court judgment may be." *Remer,* 205 F.3d at 996.

Where, then, does all this leave the debtor? The Seventh Circuit has not yet adopted the "void *ab initio*" exception to *Rooker–Feldman* she invokes (although *Schmitt* certainly holds out the possibility that it will), but even if the court had done so the exception would not save her two adversary proceedings.

The complaint in case No. 03 A 4513 merely alleges procedural mistakes in a state foreclosure action. There is no claim that any order entered in the action infringed upon bankruptcy court authority or violated the Bankruptcy Code. The May 13, 2003 order that is the subject of the debtor's appeal was entered even before she filed her bankruptcy petition. Following the bankruptcy, moreover, the stay was lifted to allow the debtor's appeal of the May 13 order to go forward.

The complaint's nature in case No. 03 4513 is far harder to discern, but the debtor's references to Supreme Court Rule 137 suggest she is alleging violations of the Rule: that the quiet title action was not well-grounded in fact, was not warranted

by existing law or a good-faith argument for extension, modification or reversal of existing law, or was interposed for some improper purpose.[4] Ill. Sup.Ct. R. 137. Again, however, there is no claim whatever that the "part" of the final state court judgment to which the debtor objects infringed upon the authority of the bankruptcy court, or that the state court did anything that might arguably have violated the Bankruptcy Code.

Rule 137 violations in Illinois quiet title actions and procedural errors in Illinois mortgage foreclosure cases are matters for the Illinois courts, not the federal courts. The *Rooker–Feldman* doctrine bars both adversary proceedings. *Cf. Ritter v. Ross,* 992 F.2d 750, 754–55 (7th Cir.1993) (holding that *Rooker–Feldman* doctrine precluded federal review of state judgment in tax lien foreclosure case).

### 4. Conclusion

The above-captioned adversary proceedings (Nos. 03 A 4513 and 03 A 4514) are dismissed for lack of jurisdiction. Separate Rule 9021 judgments reflecting the dismissals will be entered in both cases.

---

4. The "notice" the debtor filed attempting to "supplement" the complaint confirms she is claiming Rule 137 violations. She asserts that the complaint was filed without an investigation of the facts and the law, that it was filed for "the improper purpose of converting property of the marital estate of John Allen Radtke and Mary Ellen Homer" as well as for other improper purposes, and that the complaint was not signed.