NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JAMES A. ZACHMAN; ELIZABETH C. ZACHMAN, <br><br> Debtors. <br> _____ <br><br> JAMES A. ZACHMAN; ELIZABETH C. ZACHMAN, <br><br> Appellants, <br><br> v. <br><br> STATE OF DELAWARE; MORRIS JAMES LLP; REAL TIME DATA SERVICES LLC, <br><br> Appellees. | No. 23-55099 <br><br> D.C. No. 8:22-cv-00890-FWS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted December 26, 2024[**]

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Appellants James A. Zachman and his wife Elizabeth Zachman (collectively

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

"Debtors") appeal from the district court's order affirming the bankruptcy court's decision denying their post-judgment request for relief based on asserted violations of the automatic stay and the discharge injunction applicable to Debtors' 2010 bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d) over the appeal from the denial of Debtors' post-judgment motion. *See Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). "We review de novo the district court's decision on an appeal from a bankruptcy court." *Mwangi v. Wells Fargo Bank, N.A.* (*In re Mwangi*), 764 F.3d 1168, 1173 (9th Cir. 2014) (citation omitted). "We stand in the same position as did the district court in reviewing the bankruptcy court's order," and "[w]e therefore review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *Levander v. Prober* (*In re Levander*), 180 F.3d 1114, 1118 (9th Cir. 1999) (citation omitted). "Whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law reviewed de novo." *Mwangi*, 764 F.3d at 1173 (citation omitted). We affirm.

In 2006, James Zachman ("Zachman") and Sangeeta Chhabra formed Real Time Data Services, LLC ("Real Time Data"), a Delaware limited liability company. On May 17, 2010, Debtors filed a personal chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Central District of California. Debtors noted on their schedules of assets and liabilities that Zachman owned an

2

interest in Real Time Data, and they valued that interest at $2,500. However, Debtors also claimed that this interest was exempt from the estate under California law. The trustee did not object to the claimed exemption, and as a result, Zachman's "interest in the property [was] 'withdrawn from the estate (and hence from the creditors) for the benefit of the debtor[s].'" *Gebhart v. Gaughan* (*In re Gebhart*), 621 F.3d 1206, 1210 (9th Cir. 2010) (citation omitted). On September 7, 2010, the bankruptcy court issued a discharge order, and it closed the case on September 24, 2010.

After disputes later arose between Zachman and Chhabra, Zachman filed suit against Chhabra and other defendants in the Delaware Court of Chancery on June 3, 2014, alleging, *inter alia*, that Chhabra breached her fiduciary duties towards Zachman. Real Time Data intervened as a defendant and filed counterclaims for conversion and tortious interference with contract. In a bench ruling on July 28, 2016, the Delaware Chancery Court held that Zachman's membership in Real Time Data "had been terminated by operation of law under 6 *Del. C.* § 18-304 due to his personal bankruptcy in 2010." However, the court explained that under § 18-304, "Zachman became an 'assignee' with economic rights" in Real Time Data. After a bench trial, the Delaware Chancery Court held that Chhabra, through various conduct, had breached her fiduciary duties in connection with Zachman's remaining interest in Real Time Data, and the court

3

determined that the value of Zachman's interest in the LLC was $173,000 and awarded him that amount plus interest as damages. The court denied Real Time Data's counterclaims. Zachman appealed and, on April 20, 2021, the Delaware Supreme Court affirmed.

On October 29, 2021, Debtors filed in the bankruptcy court a "Motion to Withdraw and Defective Pleading for Violation of the Automatic Stay and Discharge Injunction." In this motion, Debtors named as Defendants the State of Delaware, Real Time Data, and Morris James LLP (which had represented Real Time Data in pressing its counterclaims). Debtors alleged that Delaware Code, Title 6, § 18-304(b)'s termination of Zachman's membership rights in Real Time Data upon his filing of bankruptcy violated the automatic stay. Debtors also argued that Real Time Data and Morris James LLP violated the discharge injunction, 11 U.S.C. § 524(a), by filing counterclaims in the Delaware Chancery litigation for Zachman's alleged conversion of Real Time Data assets.

The bankruptcy court tentatively denied the motion, and after a hearing, affirmed its ruling on March 24, 2022. The district court upheld this decision, finding that because Zachman's membership interest in Real Time Data was exempted from the bankruptcy estate in 2010, it was not property of the estate and the automatic stay no longer applied to that interest. The district court also concluded that the discharge injunction, 11 U.S.C. § 524(a), did not bar "post-

4

bankruptcy litigation over ownership of personal property—namely, Debtor James Zachman's membership interest in the Real Data Services limited liability company."

We agree with the district court that, once Zachman's interest in Real Time Data was exempted from the estate, it was no longer property of the estate and was no longer subject to the automatic stay.[1] And because the property was no longer part of the estate, the automatic stay did not bar application of § 18-304(b). In Debtors' appeal from the Chancery Court judgment, the Delaware Supreme Court held that, under *Milford Power Co. v. PDC Milford Power, LLC*, 866 A.2d 738, 762 (Del. Ch. 2004), "federal bankruptcy law partially preempts Section 18-304, to the extent that Section 18-304 deprives a member of a limited liability company of the member's economic rights in the company." Accordingly, the Delaware Supreme Court held, the net effect is "that a member who files for bankruptcy still ceases to be a member, but becomes an assignee with the *economic* rights specified in § 18-702(b)." *Milford Power*, 866 A.2d at 762 (emphasis added); *see also* 6 Del. Code § 18-702(b) (listing the economic rights of an assignee of an interest

---

[1] We reject Appellees' contention that we lack jurisdiction over this issue under the *Rooker-Feldman* doctrine, under which "federal district courts have 'no authority to review the final determinations of a state court in judicial proceedings.'" *Gruntz v. County of Los Angeles* (*In re Gruntz*), 202 F.3d 1074, 1078 (9th Cir. 2000). We have held that "*Rooker-Feldman* does not nullify federal courts' authority to enforce the automatic stay," because "the final decision concerning the applicability of the automatic stay must rest with the federal courts." *Id*. at 1084.

in an LLC).[2] The parties' participation in litigation that Zachman initiated in Delaware Chancery Court over the nature and scope of Zachman's interests in an LLC under Delaware law—interests that had been exempted from the bankruptcy estate—did not violate the automatic stay. Nor did that litigation violate the discharge injunction, because it did not involve an effort to "collect" or "recover" a discharged "debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

We also agree with the district court that the pursuit of Real Time Data's counterclaims in the Delaware Chancery litigation did not violate the discharge injunction.[3] The counterclaims, which alleged that Zachman had unlawfully converted funds and interfered with contracts that belonged to Real Time Data, were properly asserted in connection with the resolution of Zachman's interests in Real Time Data. *See Carolco Television Inc. v. NBC* (*In re De Laurentiis Ent.*

---

[2] To the extent that Debtors sought in the courts below to challenge the Delaware Supreme Court's preemption ruling and to assert injuries caused by that allegedly wrongful judgment, *Rooker-Feldman* bars us from considering that claim. *See Cogan v. Trabucco*, 114 F.4th 1054, 1063–64 (9th Cir. 2024) (noting that *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" (citation omitted)).

[3] We conclude that *Rooker-Feldman* does not bar our consideration of this claim, because, in asserting it, Debtors are "not alleging a legal error by the state court," but rather, they are "alleging a wrongful act by the adverse party." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004); *see also Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP* (*In re Pavelich*), 229 B.R. 777, 783 (B.A.P. 9th Cir. 1999).

*Grp., Inc.*), 963 F.2d 1269, 1276–77 (9th Cir. 1992) (agreeing with cases holding that "a valid setoff claim cannot be defeated by a discharge in bankruptcy" (quoting *Camelback Hosp., Inc. v. Buckenmaier* (*In re Buckenmaier*), 127 B.R. 233, 236–37 (B.A.P. 9th Cir. 1991))).

For these reasons, we affirm the district court's order.

**AFFIRMED.**